UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RHONE WATSON,

    Plaintiff,

v.

CDCR, et al.,

    Defendants.

Case No. 5:22-cv-04522 EJD

**ORDER OF SERVICE**

Plaintiff, an inmate at San Quentin State Prison (SQSP) proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to SQSP in May 2020. Plaintiff's complaint (ECF No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. Plaintiff will be granted leave to proceed *in forma pauperis* in a separate order.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## LEGAL CLAIMS

Plaintiff names the following Defendants:

1. CDCR
2. CCHCS
3. San Quentin State Prison
4. CIM
5. K. Allison
6. R. Diaz
7. R. Tharratt
8. R. Davis

2

    9. R. Broomfield

    10. M. Houston

    11. C. Cryer

    12. A Pachynski

    13. S. Garrigan,

    14. K. Torres

    15. M. Farooq

    16. L. Escobell

    17. J. Bick

    18. D. Borders

By way of factual allegations, Plaintiff refers the Court to the pages 3-5 of the "factual background from Case 3:22-mc-80066-WHO Document 59 filed 7-15-22." ECF No. 1 at 2. The factual background in the order by Judge William H. Orrick that Plaintiff identifies is as follows:

> As generally alleged in the Represented Cases, on March 4, 2020, California Governor Gavin Newsom proclaimed a State of Emergency in California because of the impacts of the COVID-19 pandemic. Plaintiffs contend that all defendants were aware by this time that the virus was highly transmissible and that precautions necessary to mitigate its spread included quarantining people exposed to the virus, rigorous cleaning and sanitation practices, social distancing, use of masks and other personal protective equipment, and regular testing. They assert that defendants were aware that many of these precautions could not be effectively practiced at SQSP because of its infrastructure, including mostly open-air cells and poor ventilation.
>
> A shelter-in-place order was enacted on March 16 in Marin County, where SQSP is located, followed by a statewide order on March 19. On March 18, the Interim Executive Director of the Habeas Corpus Resource Center, the State Public Defender, MaryMcComb, and others responsible for representing people on death row sent a letter to defendants Broomfield and Pachynski. The letter implored SQSP to provide inmates with PPE and cleaning supplies and to allow for social distancing, and to enact other policies to protect the health of inmates and staff.
>
> On March 24, Governor Newsom issued Executive Order N-36-20, suspending intake of inmates into all state facilities for 30 days, which he subsequently extended. Yet in May 2020, defendants decided to transfer 122 prisoners from CIM, where there was a COVID-19 outbreak, to SQSP, which had no COVID-19 cases at the time.
>
> Plaintiffs allege that California Correctional Health Care Services (CCHCS) and CDCR executives did not inform CIM staff of the transfer until the day before the transfers began. Most of the transferred prisoners were not tested within the two weeks before the transfer—a decision by a top healthcare executive at CIM of

which other defendants were aware. Prisoners were not screened for symptoms before boarding the transfer buses. On May 30, 2020, defendants filled the buses with prisoners without providing space for distancing. Immediately after the transfer, 15 transferred prisoners tested positive for COVID-19. Defendants housed the transferred prisoners in the open-air Badger housing unit at SQSP; the transferred prisoners used the same showers and dining area as other prisoners.

Although the Marin County Public Health Officer spoke with some defendants on June 1, 2020, and recommended that transferred prisoners be immediately sequestered from the rest of the population, masking be enforced, and movement of staff be limited, defendants failed to follow his recommendations. Defendants only heeded his recommendation to appoint an incident commander with expertise in outbreak management on July 3, after the Marin County Board of Supervisors became involved.

Within three weeks of transfer, SQSP had a COVID-19 outbreak: It had more than 499 confirmed cases.

On June 13, 2020, a group of health experts toured San Quentin at the request of the Receiver. Plaintiffs allege that the experts circulated an "Urgent Memo" on June 15, 2020, of which defendants were aware, warning of the scale that the COVID-19 outbreak at San Quentin could reach and warning that testing delays of 5-6 days were unacceptable. The experts also advised against using punishment-like quarantine conditions, which could result in under-reporting of symptoms, and recommended a release or transfer of prisoners. Defendants disregarded these recommendations.

California legislators, the Office of the Inspector General (OIG), and the Division of Occupational Safety and Health (Cal-OSHA) criticized CDCR's conduct in causing or failing to mitigate the outbreak. One California Assembly member criticized the transfer as the "worst prison health screw up in state history." On July 6, 2020, Governor Newsom said the prisoners "should not have been transferred." The OIG found that CDCR and CCHCS caused a public health disaster. Cal-OSHA cited CDCR and SQSP with 14 violations related to the outbreak.

Plaintiffs allege that, as a result of the outbreak, they became ill and some died from COVID-19. Plaintiffs bring various federal and state claims.

Case No. 3:22-mc-80066-WHO, ECF No. 59 at 3-5 (Footnotes omitted).

Plaintiff also identifies "John Doe 1-400" as additional plaintiffs. ECF No. 1 at 2. He seeks "10,000,00 million dollars or release." *Id.* at 3.

## ANALYSIS

**A.    Doe Plaintiffs**

As Plaintiff is proceeding pro se, he "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). He therefore cannot represent John Does 1-400. These unnamed Plaintiffs will be DISMISSED.

### B. Eighth Amendment Claim

The allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims against all Defendants. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

### C. Defendant Tharratt

The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on August 5, 2022. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Dr. Tharratt was therefore not an appropriately named Defendant at the onset of this litigation and will be DISMISSED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiffs John Doe 1-400 are DISMISSED without prejudice.

2. Defendant Tharratt is DISMISSED.

3. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

1. CDCR
2. CCHCS
3. San Quentin State Prison
4. CIM
5. K. Allison
6. R. Diaz
7. R. Davis
8. R. Broomfield
9. M. Houston
10. C. Cryer
11. A Pachynski
12. S. Garrigan,
13. K. Torres
14. M. Farooq
15. L. Escobell
16. J. Bick
17. D. Borders

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: The operative complaint (ECF No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by

the USMS and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* ECF No. 8.

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  September 16, 2022

_____
EDWARD J. DAVILA
United States District Judge