United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re CIM-SQ Transfer Cases** | Case No.  22-mc-80066-WHO |
| | |
| **Re Case Nos**.: 22-cv-2059-PJH, *Bolden v. Allison*; 22-cv-2204-YGR, *Smith v. California*; 22-cv-2617-HSG, *Ulep v. Allison*; 22-cv-4522-EJD, *Watson v. Allison*, 22-cv-7206-YGR, *Phillips v. Broomfield*. | **FOURTH ORDER TO SHOW CAUSE IN *PRO SE* CASES;** **FINDING DEFENDANT KELSO IS ENTITLED TO QUASI-JUDICIAL IMMUNITY AND THAT FAILURE TO STATE A CLAIM ARGUMENTS LACK MERIT** |

## I.   INTRODUCTION

The *pro se* cases identified above have been assigned to me by the Chief Judge of the

Northern District of California for the following limited purpose:

1.      Determining whether Clark Kelso has quasi-judicial immunity, and if not, some

other defenses that he has raised such as whether he is a state actor who can be sued under

section 1983;

2.      Determining whether the defendants have immunity under the Public Readiness

And Emergency Preparedness (PREP) Act;

3.      Determining whether the defendants are entitled to qualified immunity as a matter

of law at the motion to dismiss stage;

4.      Determining whether the complaints filed by unrepresented plaintiffs allege

adequate detail to state a claim upon which relief can be granted.

*See* Dkt. Nos. 1 (Order of Limited Assignment), 7, 51 ("Assigned Issues").

United States District Court
Northern District of California

## II.    ASSIGNED ISSUES 2 AND 3: PREP ACT IMMUNITY AND QUALIFIED IMMUNITY

In an Order dated July 15, 2022 (Dkt. No. 59), I resolved Assigned Issues 2 and 3 in certain cases where plaintiffs were represented by counsel ("Represented Cases"), where the defendants had a full opportunity to file motions to dismiss and argue grounds for immunity, and where the plaintiffs had a full opportunity to respond.  In that Order, I explained why – based on materially consistent pleadings and judicially noticeable facts – plaintiffs had adequately pleaded facts showing that neither PREP Act immunity nor qualified immunity precluded their claims at the motion to dismiss stage.[1]

Defendants in the *Pro Se* Cases identified above are now ORDERED TO SHOW CAUSE why the same conclusion should not be reached in the *Pro Se* Cases with respect to Assigned Issues 2 and 3.

Defendants may respond to this Order to Show Cause by filing a response on or before **March 13, 2023**, that simply incorporates their prior arguments on Assigned Issues 2 and 3, or that raises wholly new arguments on Assigned Issues 2 or 3 based on unique factual allegations made by a plaintiff in one of the cases identified above.  It is not necessary for defendants to reassert the arguments they made in their prior motions to dismiss regarding Assigned Issues 2 and 3.  I will consider those argument raised with respect to all *Pro Se* Cases.

If defendants file a substantive response on or before **March 13, 2023**, *Pro Se* Plaintiffs may file a response on or before **April 3, 2023** addressing only the issues raised by defendants. The matter will then be taken under submission and I will issue an order that is intended to resolve Assigned Issues 2 and 3 with respect to these *pro se* cases and to preserve the parties' ability to appeal the resolution of the Assigned Issues.

## III.    ASSIGNED ISSUE 1: J. CLARK KELSO'S IMMUNITY

In two of the pro se cases covered by this Order, J. Clark Kelso is named as a defendant:

---

[1] I explicitly noted that any other issues that were raised or could have been raised in defendants' motion to dismiss with respect to individual plaintiffs were preserved and could be reasserted once the cases were returned to each underlying judge for further proceedings.  July 15, 2022 Order at 3 n.5.

United States District Court
Northern District of California

1    22-cv-2059-PJH, *Bolden v. Allison* and 22-cv-2617-HSG, *Ulep v. Allison*.  With respect to

2    Assigned Issue 1, I find that federal Receiver J. Clark Kelso has quasi-judicial immunity from suit

3    and I intend to dismiss Kelso from the assigned cases with prejudice.

4          As background, on February 14, 2006, the Hon. Thelton E. Henderson appointed a receiver

5    for the California prison medical care system in *Plata, et al. v. Schwarzenegger, et al.,* Case No.

6    01-1391 TEH (N.D. Cal.) (*Plata*).  The receivership was later recognized by the Ninth Circuit as

7    the "least intrusive means" to address the "constitutional deficiencies in prisoners' health care."

8    *Plata v. Schwarzenegger*, 603 F.3d 1088, 1097 (9th Cir. 2010).  In appointing the receiver, Judge

9    Henderson ordered:

10               The Receiver and his staff shall have the status of officers and agents
                 of this Court, and as such shall be vested with the same immunities as
11               vest with this Court.

12               Additionally, Defendants shall indemnify the Receiver and members
                 of his staff to the same extent as Defendants are obligated to
13               indemnify the Secretary of the CDCR.

14    *Plata*, Docket No. 473 at 5-6.

15          On January 23, 2008, Judge Henderson appointed Kelso as the new receiver, conferring

16    upon him "[a]ll powers, privileges, and responsibilities of the Receiver, as set forth in the Court's

17    February 14, 2006 Order Appointing Receiver." *Id.* Docket No. 1063 at 5.  The Ninth Circuit and

18    district courts within it have consistently concluded that Kelso has quasi-judicial immunity and on

19    that basis have dismissed or affirmed dismissal of claims against him based on the medical care

20    plaintiffs received from CDCR.  *See Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017)

21    ("Kelso is entitled to quasi-judicial immunity" with respect to negligence claim); *Casto v.*

22    *Newsom*, No. 2:19-CV-2209-EFB, 2020 WL 3640474, at *3 (E.D. Cal. July 6, 2020) (finding

23    Kelso immune because "receivers are court officers who share the immunity awarded to judges");

24    *Mwasi v. Corcoran State Prison*, No. 113CV00695DADJLTPC, 2016 WL 5210588, at *5 (E.D.

25    Cal. May 20, 2016), *report and recommendation adopted sub nom. Mwasi v. Prison*, No.

26    113CV00695DADJLT, 2016 WL 5109461 (E.D. Cal. Sept. 19, 2016) (finding Kelso immune

27    where no allegation that he acted outside of his "appointed judicial capacity" or "in the complete

28    absence of all jurisdiction"); *Griffin v. Kelso*, No. 2:10-CV-2525 MCE JFM, 2011 WL 3583457,

United States District Court
Northern District of California

1    at \*4 (E.D. Cal. Aug. 15, 2011), subsequently aff'd on other grounds sub nom. *Griffin v. Bal*, 609

2    F. App'x 493 (9th Cir. 2015) (Kelso immune from claims regarding his "failure to ensure that

3    plaintiff received adequate medical care").  Of particular relevance is a recent decision by the Hon.

4    Charles R. Breyer in this District, where Kelso was dismissed from a case raising materially

5    similar allegations as those made in these *Pro Se* Cases: there, plaintiff's estate brought federal

6    and state claims based on the plaintiff's exposure to COVID-19 due to the transfer of prisoners

7    from CIM to SQSP, and Kelso was dismissed based on quasi-judicial immunity.  *Harris v. Allison*,

8    No. 20-CV-09393-CRB, 2022 WL 2232526, at \*1 (N.D. Cal. June 7, 2022).

9          This immunity is well-established.  The specific decisions concerning Kelso's immunity

10   follow others, arising in different contexts, that hold that judicially-appointed receivers are

11   protected by quasi-judicial immunity. *See, e.g., Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828

12   F.2d 1385, 1390 (9th Cir. 1987) (*Mullis*) (bankruptcy "trustee or receiver derives his immunity

13   from the judge who appointed him" with respect to constitutional claims); *New Alaska Dev. Corp.*

14   *v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989) (state court-appointed receivers entitled to

15   absolute immunity).

16         There is no reason to depart from that authority with respect to the *Pro Se* Cases that name

17   Kelso as a defendant to COVID-19 exposure claims due to the transfer of prisoners from CIM to

18   SQSP.  *Pro Se* Plaintiffs do not allege and, based on their other allegations, cannot allege that

19   Kelso acted outside of his appointed capacity or in the complete absence of jurisdiction.

20         *Pro Se* Plaintiffs in 22-cv-2059-PJH, *Bolden v. Allison* and 22-cv-2617-HSG, *Ulep v.*

21   *Allison* may file an objection to the Court's finding that Kelso has quasi-judicial immunity and

22   must be dismissed from these cases by **March 20, 2023**.  If no *pro se* plaintiff files an objection by

23   March 1, Kelso will be DISMISSED from those cases with prejudice.

24         If any *pro se* plaintiffs file an objection on or before March 1, Kelso may file a response on

25   or before **April 3, 2023**.  I will then issue an order resolving the matter.

26   **IV.    ASSIGNED ISSUE 4: FAILURE TO STATE A CLAIM**

27         In motions filed prior to the Order of Limited Assignment transferring these cases to me

28   for resolution of common issues, defendants argued that many of the *Pro Se* Plaintiffs failed to

4

1    state a claim because they do not allege specific facts or details linking the transfer of prisoners

2    from CIM to SQSP to their becoming ill.  This Order rejects the arguments that defendants have

3    made to date.[2]

4           To start, a complaint must contain "a cognizable legal theory" and "sufficient facts

5    alleged" under that theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir.

6    2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads

7    enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

8    662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). An Eighth

9    Amendment claim requires allegations that defendants were deliberately indifferent to plaintiffs'

10   objectively serious safety, medical needs, or prison conditions with a subjective awareness of the

11   risk of such indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is

12   deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and

13   disregards that risk by failing to take reasonable steps to abate it).

14          A claim is plausible "when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  When

16   evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to

17   be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los*

18   *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  *Pro se* pleadings must be liberally construed,

19   "particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d

20   696, 699 (9th Cir. 1988).

21          I have identified several common arguments in defendants' previously-filed motions to

22   dismiss based on failure to state a claim under Rule 12(b)(6).  Generally, the *Pro Se* complaints

23   covered by this Order adequately allege an Eighth Amendment claim as they alleged that, as a

24   result of the prisoner transfer, they became ill with COVID-19.  Contracting COVID-19 meets the

25   objective seriousness requirement.  *See Helling v. McKinney*, 509 U.S. 25, 33, 34 (1993) ("the

26

27   _____

     [2] My conclusion with respect to defendants' arguments is consistent with Judge Breyer's decision
     in *Hoisington v. Davis et al.*, 3:20-cv-07845-CRB, at Dkt. No. 56.  There, a pro se complaint
28   making similar allegations as the complaints covered by this Order was found to state a claim
     sufficient under Federal Rule of Civil Procedure 12(b)(6).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    exposure of inmates to a serious, communicable disease," including by the "mingling of inmates

2    with serious contagious diseases with other prison inmates," violates the Eighth Amendment).

3    The claims against each named defendant will suffice when *Pro Se* Plaintiffs allege that each

4    defendant made a decision in support of or facilitating the transfer or regarding the transfer

5    protocols, or had knowledge of the flawed protocols, as a supervisor, and failed to take actions to

6    mitigate the risk they presented.

7        *Pro Se* Plaintiffs need not allege facts demonstrating that defendants were aware of the risk

8    to each of them specifically; it is enough to allege that defendants were aware of the risk to all San

9    Quentin prisoners. *See, e.g., Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) ("courts . . . have

10   recognized that many inmates can simultaneously be endangered by a single policy"); *Graves v.*

11   *Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (defendant violated constitutional rights of jail

12   detainees housed in high temperature locations and taking psychotropic medications impacting the

13   body's ability to regulate heat, even though defendant was not specifically aware of which

14   detainees were taking those medications).

15       In their prior motions to dismiss, defendants argued that *Pro Se* Plaintiffs fail to state a

16   claim because there were intervening causes that break the chain of causation.  This argument fails

17   at the motion to dismiss stage.  "[T]raditional tort law principles of causation" apply to section

18   1983 claims, *see Galen v. Cty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007), including that

19   intervening causes may supersede prior causes and subsume partial or total liability.  *See*

20   Restatement (Second) of Torts § 441 (1965).  Plaintiffs need only generally allege that defendants

21   caused their COVID infections.  Determining the truth of the allegations as to each defendant's

22   conduct and whether it contributed to or caused the conditions that resulted in Pro Se Plaintiffs'

23   infections is a matter for discovery and perhaps ultimately trial.  Factual questions regarding

24   causation preclude granting the motion to dismiss. *See, e.g., Beck v. City of Upland*, 527 F.3d

25   853, 870 (9th Cir. 2008) (summary judgment not appropriate where a rational jury could

26   determine that the prosecutor's conduct in filing charges was not an independent intervening cause

27   to shield police officers from liability for false arrest).

28       *Pro Se* Plaintiffs are not required to specifically allege that they were housed with or came

1     into contact with transferred prisoners from CIM in order to survive a motion to dismiss based on

2     failure to state a claim.  The allegations that the transfer (including the transfer protocol and

3     testing as well as the type of housing provided upon arrival) caused an outbreak at SQSP where

4     there were no COVID cases prior to the transfer and that it impacted plaintiffs is adequate to

5     plausibly allege causation.

6          For example, *Pro Se* Plaintiffs Bolden and Ulep have filed identical complaints alleging

7     that each defendant participated in the decision to implement the transfer, the manner of

8     implementation and transfer protocol, or the manner of housing transferred prisoners at SQSP,

9     causing the outbreak that led to them incurring numerous COVID-19 symptoms and testing

10    positive for COVID-19 on June 29, 2020.  *Bolden v. Allison et al.*, 22-cv-02059-PJH, at Dkt. No.

11    1; *Ulep v. Allison et al.*, 22-cv-02617-HSG, at Dkt. No. 1.  Two *Pro Se* Cases covered by this

12    Order and filed by *Pro Se* Plaintiffs Watson and Phillips have complaints containing substantially

13    similar allegations to Plaintiffs Bolden's and Ulep's.  *Watson v. Allison et al.*, 22-cv-4522-EJD, at

14    Dkt. No. 1; *Phillips v. Broomfield*, 22-cv-7206-YGR.  The last complaint filed by *Pro Se* Plaintiff

15    Smith incorporates by reference the February 2021 California Office of the Inspector General

16    (OIG) report regarding the transfer of prisoners from CIM to SQSP.  *Smith v. Allison et al.*, 22-cv-

17    02617-HSG, at Dkt. No. 1.  The OIG report contains numerous facts which, considered not for

18    their truth but as support for the plausibility of these *Pro Se* Plaintiffs' allegations, detail the

19    purported involvement of defendants in the decisions that *Pro Se* Plaintiffs allege caused the

20    outbreak and their resulting COVID-19 infections.

21         In light of the analysis above, and in recognition of the *Pro Se* Plaintiffs' unrepresented

22    status requiring me to liberally construe their pleadings, defendants in the *Pro Se* Cases identified

23    above are HEREBY ORDERED TO SHOW CAUSE why my conclusion that the *Pro Se* Plaintiffs

24    covered by this Order have adequately stated their claims is mistaken.

25         Defendants shall file a response to this Order to Show Cause on or before **March 13, 2023**,

26    that (1) simply relies on and incorporates by reference their prior arguments raised in the

27    individual case dockets on Assigned Issue 4, (2) raises wholly new arguments on Assigned Issue 4

28    based on unique factual allegations made by a plaintiff in one of the cases identified above, or (3)

United States District Court
Northern District of California

7

1    identifies a complaint, among the listed cases to which this Order is applicable, that they believe

2    fails to state a claim according to my analysis above.  It is not necessary for defendants to reassert

3    the arguments they made in their prior motions to dismiss and discussed above regarding Assigned

4    Issue 4.  I will consider those arguments raised with respect to all *Pro Se* Cases.

5        If defendants file a substantive response on or before **March 13, 2023**, *pro se* plaintiffs

6    may file a response addressing only the issues raised by defendants on or before **April 3, 2023**.

7    The matter will then be taken under submission and I will issue an order that is intended to resolve

8    Assigned Issue 4 with respect to these additional *pro se* cases and to preserve the parties' ability to

9    appeal the resolution of the Assigned Issues.

10    **IT IS SO ORDERED.**

11    Dated: February 27, 2023



William H. Orrick
United States District Judge